UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY GIOVANNI JOSEPH, 90795,

Plaintiff,

v.

WARDEN TOMOVIVIE,

Defendant(s).

Case No. 22-cv-01140-CRB (PR)

**ORDER OF DISMISSAL**

Plaintiff, a pretrial detainee at the Lafourshe Parish Correctional Complex in Thibodaux, LA, filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that: (1) while he was at Travis Air Force Base (AFB) in Fairfield, CA, he was "physically abused through the use of excessive force" by an "officer"; and (2) while he was at the San Francisco County Jail (SFCJ), he was physically and "sexually abused" by "correctional staff." Compl. (ECF No. 5) at 2-3. Plaintiff only named as a defendant "Warden Tomovivie" at SFCJ. Id. at 1.

On May 16, 2022, the court screened the complaint pursuant to 28 U.S.C. § 1915A and dismissed without prejudice to bringing in a separate action in the United States District Court for the Eastern District of California plaintiff's allegations regarding wrongdoing at Travis AFB in Fairfield, CA. The court explained that "Fairfield, CA is in Solano County, which lies within the venue of the Eastern District of California, see 28 U.S.C. § 84(b), and plaintiff's allegations regarding wrongdoing by an officer there involve different claims and defendants than plaintiff's allegations regarding wrongdoing at SFCJ by correctional staff, see George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits)." May 16, 2022 Order (ECF No. 13) at 2.

The court also explained that plaintiff's allegations of physical and sexual abuse by correctional staff at SFCJ may be properly brought in this court but dismissed the allegations with leave to amend to "set forth specific dates and facts showing how the abuse of which he complains amounted to punishment in violation of the Due Process Clause" and "name the individual

correctional staff involved in the wrongdoing and set forth specific facts showing how each and every one of them actually and proximately caused the deprivation of his federal constitutional rights." Id. (citing Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988)).  "It is not enough to name the warden or supervisor because there is no repondeat superior liability under § 1983 or, in layman's terms, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another." Id. (citing Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  The court warned plaintiff that "[f]ailure to file a proper [first] amended complaint within [28 days] will result in the dismissal of this action." Id. at 3.

Plaintiff did not file a proper first amended complaint within the designated time.  He instead filed a letter wherein he stated that a SFCJ officer "stuck his finger in my ass" and another officer "forc[ed] me to watch child porn." ECF No. 15 at 1, 2.

On June 22, 2022, the court found that plaintiff's letter would not do because it is not a complaint and because it "provides no dates or further details regarding the incidents nor names the involved officers." June 22, 2022 Order (ECF No. 16) at 2.  The court nonetheless afforded plaintiff another opportunity "to amend, as indicated in the court's May 16, 2022 order of dismissal with leave to amend, within 28 days of this order" Id.  And the court again warned plaintiff that "[f]ailure to file a proper [first] amended complaint within [28 days] will result in the dismissal of this action." Id.

Plaintiff again did not file a proper first amended complaint within the designated time. He instead filed a lengthy letter rambling about all sorts of wrongdoing in both Louisiana and California but as to his claim of physical/sexual abuse at SFCJ again only states that "one officer stuck his finger in my ass" and "porno was played." ECF No. 17 at 13.  This again will not do. Plaintiff's action is DISMISSED without further leave to amend for twice failing to file a proper amended complaint within the designated time.  The clerk is instructed to close the file.

**IT IS SO ORDERED**.

Dated:  August 1, 2022

_____
CHARLES R. BREYER
United States District Judge